(10 App. Div. 456.)

TRUSTEES OF FREEHOLDERS & COMMONALTY OF TOWN OF
SOUTHAMPTON v. JESSUP.

(Supreme Court, Appellate Division, Second Department.   December 1, 1896.)

1. LICENSE—REVOCABLE AT WILL—ROADWAY.
     A resolution by the trusteees of a town which gives a person "liberty to
     make a roadway and to erect a bridge," does not create an easement, but a
     license, revocable at will.

2. SAME—WHEN EXHAUSTED—DAMAGES.
     A license to make a roadway is exhausted by the first one built, and the
     licensee is liable to the licensor for any damage occasioned by reason of sub-
     stituting a solid roadway for one originally built on piles.

Appeal from special term, Suffolk county.

Action by the trustees of the Freeholders and Commonalty of
the Town of Southampton against Nathan C. Jessup to restrain
defendant from further constructing an embankment, and for dam-
ages occasioned by the portion built.   There was a judgment for
plaintiff, and defendant appeals.   Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY,
JJ.

Charles M. Stafford, for appellant.

Thomas Young, for respondents.

. CULLEN, J.   The plaintiff, under the original patent to the town,
granted in 1676, is the owner in fee of that part of the Great South
Bay lying within the limits of the town.   On the 2d day of June,
1888, the defendant was the owner of upland and meadow adjoin-
ing the bay at Potunk Neck.   On that day the following resolution
was passed by the trustees of the town:

     "Resolved, that Nathan C. Jessup be, and is hereby, given liberty to make a
roadway and to erect a bridge across the Great South Bay, commencing at the
south point of Potunk Neck, thence running southerly to the beach; the said
bridge to be a drawbridge, of a width of not less than twenty feet, the height
above the meadow three feet, and the draw to be twenty feet wide; and the
said Nathan C. Jessup shall not cause any unnecessary delay to those navigating
the waters of said bay."

Under this resolution the defendant proceeded to construct a
roadway across the bay by driving piles, on which he laid a plank
roadway, except at the channel, where a bridge was erected, as re-
quired by the resolution.   This was maintained until May, 1895,
when the defendant commenced to excavate a ditch or trench along-
side the wooden trestle or piling, and with material so excavated
to construct a solid embankment in place of the pile structure.
Thereupon plaintiff brought this action to restrain the defendant
from further prosecuting such work, and for damages.

The trial court found that the structure contemplated by the par-
ties at the time of passing this resolution was to be not a solid em-
bankment, but an open wooden structure that would permit the
waters of the bay to flow through it.   We think the evidence justi-
fied this finding.   But, whatever may have been contemplated be-

tween the parties as to the character of the structure authorized by this resolution, it is plain that the resolution itself was a mere license. The language of the resolution required this construction. There is no grant to the defendant of a right of way over the lands of the town. He is given mere liberty or permission to make the roadway and erect the bridge. That the right so given is not an easement, but a mere license, subject to revocation at will, is settled by the authorities. Eggleston v. Railroad Co., 35 Barb. 163; Wiseman v. Lucksinger, 84 N. Y. 31; Cronkhite v. Cronkhite, 94 N. Y. 323; Duryee v. Mayor, etc., 96 N. Y. 477. Therefore, the plaintiff having withdrawn the license, the defendant from that time had no further right to construct a roadway. But, though the license was subject to revocation, still until revoked it afforded a justification for the acts done by the defendant, and for such acts the plaintiff could not recover damages. Here it becomes necessary to determine the character of the license granted by the resolution. It was a license to construct a roadway, and, as we have said, did not grant an easement in the lands. Assuming that the resolution was broad enough in its terms to permit the defendant to construct a solid filling, as well as to erect a pile structure, the defendant exercised whatever election or choice was granted him by the resolution when he built the wooden roadway. The permission granted was exhausted by the first roadway the defendant built. So it has been held that a license to build a dam upon a licensor's land does not carry a license to rebuild if it is destroyed. Cowles v. Kidder, 24 N. H. 364; Carleton v. Redington, 21 N. H. 291, 293. Here the defendant has sought to do far more than repair a structure fallen into decay. He seeks to substitute for one structure another of an entirely different character. The acts of the defendant, therefore, did not fall within the terms of his license, and he was justly held liable for any damages occasioned to the plaintiff. It is not necessary to enter upon a discussion of that class of cases where, in some jurisdictions, it has been held, that if a license is acted upon, and on the faith of which a licensee has expended money and incurred expense, equity will prevent the license from being revoked. It is settled in this state that when no consideration has been paid for the privilege, equity will not intervene. Duryee v. Mayor, etc., supra; Wiseman v. Lucksinger, supra. In the case before us the defendant paid nothing for the privilege he obtained from the town. There is this further consideration to be borne in mind: the plaintiff does not seek to revoke its permission to the defendant so far as he has acted upon the faith of it, and constructed the roadway. He is, therefore, entirely protected in his expenditures. The plaintiff seeks only to restrain the defendant from the prosecution of further work.

The judgment appealed from should be affirmed, with costs. All concur.